UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT TERRILL WILLIAMS,

    Petitioner,                    CRIMINAL NO.   02-CR-50060-01
                                      CIVIL ACTION NO. 05-CV-40070-DT
   vs.

                                      DISTRICT JUDGE PAUL V. GADOLA

                                      MAGISTRATE JUDGE DONALD A. SCHEER
UNITED STATES OF
AMERICA,

    Respondent.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The instant Motion to Vacate, Set Aside, or Correct Sentence should be denied as Petitioner has shown no violations of his federal constitutional rights from alleged errors in his guilty plea proceedings.

\*   \*   \*

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, on March 1, 2005, alleging violations of his federal constitutional rights to due process incident to his guilty plea before United States District Court Judge Paul V. Gadola. As a result of a Rule 11 plea bargain agreement, which fully set forth the promises made by both parties,[1] the Petitioner pled guilty on October 20, 2003, to being a felon in

---

[1] In consideration of the plea, the parties agreed that the maximum custody sentence would not exceed 120 months. In addition, Petitioner agreed not to appeal the legality of the sentencing guidelines or challenge the accuracy of any factor stipulated to in the guideline worksheets. The district court later sentenced Petitioner to 94 months' imprisonment. (See Plea Agreement at Criminal Docket #32).

possession of a firearm in violation of 18 U.S.C.§ 922(g). Petitioner was later sentenced to the custody of the Attorney General for a term of 94 months.  As promised in the Rule 11 plea agreement, Petitioner did not file an appeal with the Sixth Circuit Court of Appeals.

Petitioner contends that he received ineffective assistance of counsel prior to his guilty plea and later at sentencing. Petitioner also claims that federal prosecutors prevented him from pleading guilty to state of Michigan firearm charges that would have resulted in only a two year term of imprisonment. Moreover, Petitioner maintains that, had he pled guilty in state court, all subsequent federal firearm charges would then have been barred by double jeopardy.  The Respondent filed an answer to the Motion to Vacate on April 13, 2005, contending that Petitioner's guilty plea served as an admission that he committed all the elements of the crime.  Alternatively, Respondent further asserts that the overall performance of Petitioner's counsel was within the range of effective representation demanded of lawyers practicing criminal law, and that Petitioner had failed to demonstrate any prejudice resulting from alleged errors by trial counsel. Petitioner filed a reply to Respondent's Answer on October 18, 2005, essentially reiterating the allegations in his petition.

Section 2255 provides that in an action to vacate or correct the sentence,[2] the court shall grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively

---

[2]In order to prevail upon a section 2255 motion, the petitioner "must allege one of three bases: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceedings invalid." Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001).

show that the prisoner is not entitled to relief . . . ."   The undersigned is persuaded that there is no merit to the Petitioner's assertions that his guilty plea was involuntary, or that the plea or sentence resulted from incompetent advice of counsel.

## GUILTY PLEA PROCEEDINGS

Petitioner argues that there was insufficient evidence to convict him of being a felon in possession of a firearm and that his sentencing guideline range had been improperly calculated. Petitioner also alleges that federal prosecutors prevented him from pleading guilty to Michigan firearm charges that would have resulted in only a two year term of imprisonment. He maintains that his attorney was deficient in failing to correct these errors.

By pleading guilty, however, Petitioner knowingly waived his right to have a trial by a jury, to be presumed innocent until proven guilty, and to have the prosecutor prove his guilt beyond a reasonable doubt. Since a plea of guilty constitutes a waiver of several constitutional rights, it consequently must be made voluntarily and intelligently. Boykin v. Alabama, 395 U.S. 238, 242 (1969); Henderson v. Morgan, 426 U.S. 637, 648 (1976).  In particular, a "plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences."  Machibroda v. United States, 368 U.S. 487, 493 (1962), quoting Kercheval v. United States, 247 U.S. 220 (1927). It has been stated that Boykin and Machibroda "set forth a three-pronged test:  The plea of guilty must be made voluntarily, it must be made after proper advice, and it must be made with full understanding of the consequences."  Henderson v. Morgan, 426 U.S. at 653. (Rehnquist, J., dissenting).   The determination of whether the guilty plea was

voluntarily and intelligently made must be "based on a comprehensive examination of the totality of the circumstances." Berry v. Mintzes, 726 F.2d 1142, 1146 (6th Cir. 1984).

The record in this case clearly reveals that Petitioner's plea was knowing and voluntary; that he consented in open court to the terms of the plea agreement; that he understood the consequences of his guilty plea, including the possible prison sentence; and that he consciously chose to plead guilty rather than to go to trial. The meticulous record does not reveal any breach of agreement or other impropriety in the administration of the plea agreement. At the plea proceeding, Petitioner freely admitted that he was in possession of a firearm. He understood that the guilty plea conviction, along with his prior criminal history, subjected him to an increased federal term of imprisonment pursuant to 18 U.S.C. § 924(e). In exchange for his guilty plea, however, federal prosecutors agreed to a downward departure from the sentencing guidelines that called for a maximum sentence of 120 months (10 years) of imprisonment. Petitioner was assisted by counsel within the terms of the Sixth Amendment, and it is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. Mabry v. Johnson, 467 U.S. 504 (1984). As the Supreme Court has noted, "[t]o allow indiscriminate hearings in federal post-conviction proceedings, whether for federal prisoners under 28 U.S.C. § 2255 or state prisoners under 28 U.S.C. §§ 2241-2254, would eliminate the chief virtues of the plea system -- speed, economy, and finality." Blackledge v. Allison, 431 U.S. 63 (1977).

INEFFECTIVE ASSISTANCE OF COUNSEL

In order to establish an ineffective assistance of counsel claim, Petitioner has the burden of demonstrating that (1) his attorney made serious errors which undermined

**4**

the proper functioning of the adversarial process, and that (2) but for those errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant asserting a claim of inadequate counsel must satisfy both elements of the test; the defendant must demonstrate constitutionally inadequate assistance of counsel and prejudice resulting therefrom Id. at 697. Judicial scrutiny of counsel's performance must be highly deferential, Id. at 689, and because of the difficulties in assessing counsel's performance, a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the (Petitioner) must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (citing Michel v. New York, 350 U.S. 91, 101 (1955)).

Petitioner has not met his burden here. Upon review, I am persuaded that he has failed to show any serious errors or prejudice resulting from his attorney's performance. Contrary to Petitioner's assertion, state of Michigan appointed counsel was not ineffective for permitting the case to be transferred to federal court for prosecution. Although Petitioner was initially charged with state criminal violations, the Michigan charges were dismissed without adjudication when the case was referred for federal prosecution under the Project Safe Neighborhood (PSN) initiative. In the three months between his arrest and the dismissal of state firearm charges, no plea offer had been extended by state prosecutors. The decision to dismiss state charges and transfer the case was made jointly by both state and federal prosecutors after consideration of the guidelines established under the PSN initiative. Petitioner's state counsel never had an opportunity to challenge the determination

and referral. Thus, Petitioner's contention that his state counsel was ineffective because he failed to protect his constitutional rights should be rejected as being without merit.

Petitioner's claim that his federal defender was ineffective is similarly without merit. Petitioner's extensive criminal history prior to his federal indictment on felon in possession of firearm charges qualified him for a sentence enhancement pursuant to 18 U.S.C. § 924(e). Since counsel successfully negotiated a downward departure from the sentencing guidelines, and received a respectable plea offer in light of the evidence against Petitioner, the claim that Williams was denied the effective assistance of counsel in connection with his guilty plea and sentencing should also be rejected.

For all the foregoing reasons, the undersigned recommends that the Motion to Vacate, Set Aside, or Correct Sentence be denied. The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Gadola's acceptance thereof is waived.

    s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: November 29, 2005

_____

## CERTIFICATE OF SERVICE

I hereby certify on November 29, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 29, 2005. **Robert Terrill Williams**

    s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217

**6**